IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLARENCE JOSEPH,**<br>**TDCJ No. 02435611**<br><br>Plaintiff,<br><br>v.<br><br>**PANDORA CAULEY and**<br>**CHRISTOPHER WIEDAU,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. **3:26-CV-1822-L-BN** |

**ORDER**

On June 12, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court deny Plaintiff Clarence Joseph's ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") (Doc. 5). No objections to the Report were filed, and the fourteen-day period for doing so has expired. As herein discussed, the court **accepts** the Report and **denies** Plaintiff's Motion.

In support of this recommendation, the magistrate judge determined that Plaintiff has not shown entitlement to a temporary restraining order or a preliminary injunction. This is because Plaintiff has not shown "(1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015). Plaintiff has not alleged how his claims satisfy any of the listed elements. Plaintiff contends that he suffered First Amendment and Americans with Disability Act violations as well as endured retaliation. Doc. 5.

He requests that the court enjoin Defendants from further violations. *Id.* He seeks relief that would "keep the court informed of any such violations or interference with [his] mail i.e. monthly court call to report any violations. . . ." *Id.* He also requests that his housing conditions be maintained. *Id*. None of the allegations establish that Plaintiff has a likelihood of success on the merits, a substantial threat of irreparable harm, the threatened injury outweighs any harm that would result if the injunction is granted, or that injunctive relief will not disserve the public interest. In addition, preliminary injunctive relief relating to prison conditions must be narrowly drawn, and Plaintiff's requested relief is not narrow. *See* 18 U.S.C. § 3626(a)(2).

Moreover, Federal Rule of Civil Procedure 65(b)(1)(A)-(B) allows issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not submitted an affidavit with his motion, and he has not certified in writing any efforts he made to give notice and why notice should not be required.

Thus, having considered the Motion, the pleadings, the file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's Motion (Doc. 5).

**It is so ordered** this 22nd day of October, 2026.

Sam A. Lindsay
United States District Judge